IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREENWOOD LAND COMPANY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09cv686 |
| | ) | **Electronic Filing** |
| **OMNICARE, INC., NCS HEALTHCARE OF NEW YORK, INC.**, and **OMNICARE OF NEW YORK, LLC**, | ) ) ) ) | |
| Defendants | ) | |

## MEMORANDUM ORDER

AND NOW, this 29th day of March, 2013, upon due consideration of defendant's motion for leave to amend and the parties' submission in conjunction therewith, IT IS ORDERED that [90] the motion be, and the same hereby is, granted. Defendants shall file their amended answer without undue delay.

In 1994, Greenwood Land Company ("Greenwood"), as landowner of commercial property located in Sharon, Pennsylvania ("the property"), entered into a lease ("the lease") with Thrift Drug, Inc. ("Thrift"). The lease covered a term beginning March 2, 1994, and ending April 1, 2004. It contained two renewal periods which were to run from April 1, 2004 to April 1, 2009, and April 1, 2009 to April 1, 2014. The renewals were automatic in that the lease continued in force unless the tenant provided notice of intent not to renew at least six months prior to expiration of the current term.

In late 1997 or early 1998, the assets and liabilities of Thrift were acquired by NCS Healthcare of New York, Inc. ("NCS") and, on January 20, 1998, Thrift assigned its tenancy under

the lease to NCS, a wholly-owned subsidiary of NCS Healthcare, Inc. In January 2003, Omnicare Inc., acquired NCS Healthcare, Inc., and according to Greenwood became the de facto assignee of the lease. Amended Complaint (Doc. 3) at ¶ 20(j). Greenwood alleges that defendants "refused to make payments for rent due under the lease after April 1, 2009." Id. at ¶ 24(c).

Greenwood seeks damages for non-payment of rent, real estate taxes, insurance fees and damages arising from the condition of the property at the time defendants' ceased paying rent/vacated the property. Defendants assertedly failed to care for and maintain the property as required by the lease, thereby causing significant damage to the premises. Id. at ¶¶ 20(j),(c),(f),(g). According to Greenwood, these property damages total at least $430,108.56 and its other damages include rent in the amount of $1,075,000.20, over $50,000 in real estate taxes, $16,640 in insurance and other related losses. Id. at ¶ 29.

On May 11, 2010, defendants filed an answer with affirmative defenses. Among other affirmative defenses defendants pled:

> **Fourth Defense**
> 34. Plaintiff, by its own conduct, has waived the claims brought against Omnicare and/or NCS pursuant to this action….
>
> * * *
>
> **Eighth Defense**
> 38. Plaintiff's claims are barred by the doctrine of Equitable Estoppel….

On April 23, 2012, defendants filed the instant motion to amend their answer to add two additional defenses:

> **Fifteenth Defense**
> Plaintiff's claims against Omnicare, Inc., NCS Healthcare of New York, Inc. and/or Omnicare of New York, LLC are barred and/or

>limited due to the acceptance by the Plaintiff of the surrender of the property when the Plaintiff conveyed the property to Community Food Warehouse of Mercer County on November 16, 2009.
>
>**Sixteenth Defense**
>Plaintiff's claims against Omnicare, Inc., NCS Healthcare of New York, Inc. and/or Omnicare of New York, LLC are barred and/or limited due to the acceptance by the Plaintiff of the surrender of the property when Plaintiff entered into an Agreement of Sale with the Community Food Warehouse of Mercer County in October 2009.

Defendants assert these amendments only plead more precisely their initial waiver and estoppel defenses and plaintiff will not be prejudiced in any event.

Plaintiff contends leave to amend should be denied because of undue delay, dilatory motive and undue prejudice. More specifically, plaintiff notes that the affirmative defenses are based on its conveyance of the property and defendants had notice of this transfer seven months prior to the date they filed for leave to amend. Defendants filed their motion one day prior to the close of discovery. Plaintiff thus asserts that moving to amend at that point was a tactical decision designed to surprise and disadvantage plaintiff.

Rule 15(a) provides that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Determinations of whether to grant leave are committed to the sound discretion of the court. Foman v. Davis, 371 U.S. 178, 182 (1962). Grounds that justify a denial or conditional restriction include "undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Denying leave based upon one or more of these factors must be grounded in specific findings that justify the exercise of the court's discretion. Coventry v. United States Steel Corp., 856 F.2d 514, 518 (3d Cir. 1988).

"The mere passage of time does not require that a motion to amend [an answer] be denied on the grounds of delay." Cureton v. National Collegiate Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). "In fact, delay alone is an insufficient ground to deny leave to amend." Id. It is only when the delay becomes (1) "undue" and places an unwarranted burden on the court or (2) prejudicial and places an unfair burden on the opposing party that restricting leave to amend becomes warranted as a result of the passage of time. Id. The focus of the court's inquiry under this factor is based upon the movant's reasons for not seeking leave at an earlier date. Id.

In contrast, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." Id. The inquiry under this prong is based upon the hardship the non-movant will endure if the amendment is permitted. Id.

As a general matter "prejudice under [Rule 15] means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the party." Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1189 n.8 (3d Cir. 1994) (quoting Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n.19 (3d Cir. 1969)). In other words, to show prejudice the party opposing the amendment "must show that it [will be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have [otherwise] offered." Id. (citation omitted); Cureton, 252 F.3d at 273 (Changes in the legal or factual basis of a claim that will prevent the defendant from presenting a defense reflect the hallmark of substantial prejudice.).

The issue of prejudice is a factual matter that must be resolved by the court. Resolution of the issue must be based upon specific findings of fact reflecting actual prejudice. Coventry, 856 F.2d at 518 ("the district court did not, however, identify any particular prejudice that would result

4

from permitting the amendment [and] for that reason, we are persuaded that its decision was in error.").

Plaintiff's assertion that the timing of defendant's motion establishes undue delay is wide of the mark. The Third Circuit held in Cureton that delay is itself an insufficient reason to deny a motion for leave to amend. Instead, there must be "undue" or "prejudicial" delay. Plaintiff cannot demonstrate such delay for several reasons.

First, plaintiff has been well aware of the conveyance of the property since it is the one that transferred it. Having done so, it cannot claim that this fact is somehow "new" or comes as a surprise.

Second, this litigation has been centered around the alleged losses plaintiff sustained when defendants vacated the property. Plaintiff should have anticipated that defendants would take the position that the transfer of the property would be germane to the parties' dispute regarding these asserted losses, particularly because the record shows that plaintiff did not have another tenant between the date defendant vacated the property and the date plaintiff disposed of it.

Third, given the potential effect the conveyance of the property might have on plaintiff's losses, plaintiff had every reason to anticipate defendants would seek to augment their affirmative defenses. It also had every opportunity to preserve information about the condition of the property and the details about the transaction.

Fourth, the mere passage of seven months between the time defendants learned of the conveyance and their seeking leave is not a sufficient basis for denying leave. As stated in Lundy, the resisting party "must show that [it will be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have [otherwise] offered." Plaintiff was well aware of the underlying facts well before defendants filed their motion. Plaintiff fails to identify any evidence that might have been lost or detrimental position it took in the interim.

Given the above, plaintiff cannot be surprised or disadvantaged with regard to the facts surrounding the conveyance of the property.

Plaintiff's contention that it is being unduly denied the ability to discover information that may bear on how defendants will use the information from the transfer to advance their causes in the litigation equally is misplaced. The mere imposition of a modest period of time for further discovery on a transaction that potentially could have an impact on plaintiff's damages hardly is an "undue" burden or an "undue" delay on plaintiff proceeding with its claims. To the contrary, proper development of such issues is essential to the full and fair adjudication of the litigation. For the same reasons that such delay is not "undue," it also is not "prejudicial."

Finally, affording plaintiff a brief period of discovery renders moot its assertion that leave to amend was sought for tactical purposes and to place it at a disadvantage. Plaintiff has failed to identify any actual prejudice that will not be cured through such an opportunity.

Because (1) the new defenses for which leave has been sought are a more specific application of defendants' waiver and estoppel defenses, (2) plaintiff cannot be surprised by the underlying facts and (3) a brief period of further discovery will cure any perceived prejudice from the timing of defendants' motion, the record fails to warrant a denial of it.

          s/ David Stewart Cercone
          David Stewart Cercone
          United States District Judge

cc:    John H. Williams, Esquire
       William R. Caroselli, Esquire

*(Via: CM/ECF Electronic Filing)*