IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREENWOOD LAND COMPANY**, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09cv686 |
| | ) | **Electronic Filing** |
| **OMNICARE, INC., NCS** | ) | |
| **HEALTHCARE OF NEW YORK, INC.**, | ) | |
| and **OMNICARE OF NEW YORK,** | ) | |
| **LLC**, | ) | |
| Defendants | ) | |

## MEMORANDUM ORDER

AND NOW, this 29th day of March, 2013, upon due consideration of defendants' motion to exclude plaintiff's expert witnesses and the parties' submissions in conjunction therewith, IT IS ORDERED that [97] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks to (1) have plaintiff comply with the identification and disclosure requirements in Federal Rule of Civil Procedure 26(a)(2) without delay and (2) pursue any follow-up discovery as to these witnesses that is not unreasonably cumulative or duplicative within the meaning of Rule 26(b)(2)(C)(i). The motion is denied in all other aspects.

Defendants' motion seeks to exclude the testimony of four witnesses that were first identified in plaintiff's pretrial statement. Plaintiff's pretrial statement identified these witnesses as follows:

> **A representative of First General Services of Western Pa., Inc.**
> 712 Spearman Avenue
> Farrell, PA 16121
> (724) 981-3132
> This witness is expected to testify that, after the property was left by Defendants, the building was inspected by First General Services of Western Pa., Inc., for the purpose of effecting repairs. An estimate for such repairs was provided to Plaintiff amounting to $694,738.21. (Same was attached to the Complaint.) This witness is expected to testify that such repairs were reasonable and necessary to remedy the

damages done and the charges set forth in the estimate were fair and reasonable for such work.

**A representative of Sharon Paving & Construction Co., Inc.**
100 Canal Street
Sharpsville, PA 16150
(724) 962-7811
This witness is expected to testify that, after the property was left by Defendants, the parking lot was inspected by Sharon Paving & Construction Co., Inc., for the purpose of effecting repairs. An estimate for such repairs was provided to Plaintiff amounting to $59,250. (Same was provided in discovery.) This witness is expected to testify that such repairs were reasonable and necessary to remedy the damages done and the charges set forth in the estimate were fair and reasonable for such work.

**Richard G. English & Associates, Inc.**
Appraisers, Analysts, and Consultants
191 East Connelly Boulevard
Sharon, PA 16146
This witness is expected to testify that he appraised the property at issue in 1990 for $782,000 for market value of building. This witness is expected to testify that he appraised the property in 2009, after the damage by Defendants, for $245,000 as the postloss market value of building.

**A representative of Community Food Warehouse of Mercer County**
109 South Sharpsville
Avenue, Sharon, Pennsylvania 16146
724-981-0353
This witness is expected to testify that the property was accepted from Plaintiff along with a payment of $50,000. This witness is expected to testify that approximately
$687,308 was invested repairing and renovating the property after it was accepted. This witness is expected to testify that the property now has a value in excess of $800,000.
This witness is expected to testify that the new owner had the parking lot repaved.

Docket 95-6.

Defendants move to exclude the testimony of these witnesses on the grounds that plaintiff did not identify them under Rule 26(a)(2)(B) as experts who will give opinion testimony and proffer

reports as therein required.   Consequently, defendants assert their testimony should be excluded.

Plaintiff counters that these "representatives" are witnesses who will testify to estimates and assessments pertaining to the components of plaintiff's claimed damages.   In other words, they are witnesses to historical facts bearing on damages.   Furthermore, defendants have been well aware of the estimates and appraisals that will be introduced through these witnesses' testimony.   Finally, plaintiff argues that the witnesses were not retained or specially employed to provide expert testimony and therefore a report was not required.

The different identification and disclosure requirements for expert witnesses under Rule 26(a)(2) does not turn on the specific scope of the undertaking initiated at the time the party forms a relationship with a witness.   Instead, the need to comply with these requirements turns on whether the witness will provide expert testimony for the party at trial that is beyond historical observation as an "actor" or "viewer."   See e.g. Quarantillo v. Consolidated Rail Corp., 106 F.R.D. 435 (D.C. N.Y. 1985); Keith v. Van Dorn Plastic Machinery Co., 86 F.R.D. 458, 460 (E.D. Pa. 1980).   Thus, in ascertaining whether the requirements for expert testimony under Rule 26(a)(2) are applicable, the rule "focuses not on the status of the witness, but rather the substance of the testimony."   Leathers v. Pfizer, Inc., 233 F.R.D. 687, 696-97 (N.D. Ga. 2006).

To the extent plaintiff seeks solely to introduce the witnesses to testify to historical facts and occurrences, such information is subject to disclosure through the routine discovery processes applicable to ordinary witnesses.   See Advisory Committee Note to 1970 Amendment of Fed. R. Civ. P. 26(b)(4).   But to the extent plaintiff's witnesses will proffer testimony about his or her participation in the underlying factual events based on specialized knowledge and experience, plaintiff is required to establish a proper basis and foundation under Rule 702 for those witnesses.   See Indemnity Ins. Co. of North America, 227 F.R.D. 423-24 (where a participant or fact witness testifies about his or her participation in the underlying events which by its nature involved scientific, technical or other specialized knowledge, the witness is testifying as an expert witness).   Furthermore, where their

3

expert testimony concerns matters beyond the witness's necessary participation in the underlying events, the opinions become subject to the identification and disclosure requirements of Rule 26(a)(2). In other words, "anytime a witness attempts to offer an opinion outside the scope of Fed. R. Evid. 701, that person will be offering expert testimony subject to the requirements of Fed. R. Evid. 702," triggers the need to comply with Rule 26(a)(2). Id.

The witnesses now identified in plaintiff's pretrial statement were not identified in plaintiff's initial disclosures. Thus, to the extent their testimony will be based on scientific, technical or other specialized knowledge, the witnesses' testimony will exceed the scope of Rule 701 and there was/would be a failure to comply with the identification requirement of Rule 26(a)(2)(A). It appears that these witnesses testimony may well exceed the scope of Rule 701.

Notwithstanding the above, the individuals having firsthand knowledge of the underlying reports/ appraisals were provided to defendants through their identification in the underlying discovery documents: defendants were provided with documents originating from the named entities and organization that included a clear indication of authorship. For example, defendant received First General Services of Western Pa., Inc.,'s 67 page estimate prepared by Ben George that gave an estimate of the cost to repair the building. In plaintiff's brief Ben George is now the individual for First General Services of Western Pa., Inc., who plaintiff intends to subpoena for trial. Defendant also received the $59,250 estimate made by Sharon Paving & Construction Co., Inc. Similarly, plaintiff has now identified the owner of Sharon Paving, Thomas Herman, as the witness who will be subpoenaed to testify. Richard English, of Richard G. English & Associates, Inc., is now the identified "representative" of his company; Mr. English made two appraisals, both of which were provided to defendant during discovery. Finally, Lawrence Haynes, Executive Director of a foundation working with the Community Food Warehouse of Mercer County, is also now identified as an individual who is expected to testify. This should be of no surprise to defendants because they took the deposition of Mr. Haynes on April 11, 2012. Thus, the identification of these individuals is not a

surprise to defendants.

Furthermore, it does not appear that the witnesses are required to provide a written expert report. Rule 26(a)(2)(B) only requires the authoring and disclosure of such reports where an expert "is one *retained* or *specially* employed to provide expert testimony" to be used at trial. Plaintiff has not retained or employed any of these witnesses to provide expert testimony at trial. Thus, the written report requirements of Rule 26(a)(2)(B) have not been triggered.

Nevertheless, determining whether the written report requirements for a retained expert have or have not been triggered does not end the inquiry under Rule 26(a)(2). It is apparent from the parties' submissions that counsel are not familiar with the recent amendments to Rule 26 which set forth the disclosure requirements for those who will provide testimony within the scope of Rule 702 but who have not been retained or employed for trial. The Rule now provides:

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). This court's case management order of August 9, 2011, required plaintiff to make these written disclosures during the time allotted for discovery and "in sufficient time to permit . . . depositions to be taken in compliance with all applicable deadlines." Order of August 8, 2011 (Doc. No. 81) at A(2). Plaintiff failed to comply with these requirements during discovery.

The governing rule for discovery violations is Rule 37 of the Federal Rules of Civil Procedure. The 1993 amendments to the Federal Rules of Civil Procedure incorporated an "automatic" preclusion for failure, "without substantial justification," to disclose information required by Rule 26. See Fed.

5

R. Civ. P. 37(c).  This provision was designed to strengthen the incentive to be forthcoming in the disclosures mandated by Rule 26 by penalizing those who fail to comply with the requirements.  See Bonin v. Chadron Community Hospital, 163 F.R.D. 565, 569 (D. Neb. 1995); David v. Caterpillar, Inc., 324 F.3d 851, 856-57 (7th Cir. 2003) ("to insure compliance with [the automatic disclosure requirements and duty to supplement discovery responses of Rule 26], Rule 37 provides that 'a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed.").  But while "Rule 37 is written in mandatory terms, and is designed to provide a strong inducement for disclosure of Rule 26(a) material[,] ... the Rule does not leave district courts without discretion."  Newman, 60 F.3d at 156 (citations and additional quotation marks omitted).  Factors commonly considered in the exercise of that discretion include (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure that prejudice; (3) the likelihood of disruption, and (4) the degree of bad faith or willfulness involved in the offending party's violation.  Newman, 60 F.3d at 156 (citing Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995)); In re Mercedes-Benz Anti-Trust Litig., 225 F.R.D. 498, 506 (D. N.J. 2005); David, 324 F.3d at 857.

Moreover, the United States Court of Appeals for the Third Circuit has emphasized on a number of occasions that exclusion of evidence under Rule 37(c)(1) is a severe sanction that should not be imposed unless the failure to disclose or supplement is in bad faith or the resulting prejudice cannot be cured.  See In re TMI Litig., 193 F.3d 613, 721-22 (3d Cir. 1999); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994), cert. denied, 513 U.S. 190 (1995; Meyers v. Pennypack Woods Home Ownership Ass'n., 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens, 777 F.2d 113 3d Cir. 1985), aff'd, 482 U.S. 656 (1987).

The record does not warrant the extreme sanction of exclusion at this juncture.  Defendants have failed to demonstrate any real prejudice or surprise which cannot be cured by a brief extension of discovery.  Defendants also have failed to demonstrate any bad faith on part of the plaintiff.  Indeed, it appears from the briefing on the matter that defense counsel also was unaware of the refined disclosure requirements in Rule 26(a)(2)(C).  Furthermore, defendants were informed of the underlying documents during discovery and could ascertain who could testify to the historical facts pertaining to those documents.   In fact, defendants have already deposed one of the witnesses.  Because there was at least partial disclosure of the relevant information and any "resulting prejudice" from the late identification and disclosure requirements can be cured through a brief extension of discovery, the draconian sanction of exclusion is not warranted.

In light of the above, the time for discovery will be extended.  Plaintiff shall comply with the identification and disclosures requirements of Rule 26(a)(2)(A) and (C) without delay and defendants may pursue any follow-up discovery as to these witnesses that is not unreasonably cumulative or duplicative within the meaning of Rule 26(b)(2)(C)(i).

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   John H. Williams, Esquire
      William R. Caroselli, Esquire

*(Via: CM/ECF Electronic Filing)*